Filed 6/18/15  La Count v. Patina Restaurant Group CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| TERRILL LA COUNT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATINA RESTAURANT GROUP, LLC,<br><br>    Defendant and Appellant. | B256470<br><br>(Los Angeles County<br>Super. Ct. No. BC528098) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark V. Mooney, Jr., Judge.  Affirmed.

Sheppard, Mullin, Richter & Hampton, Ryan D. McCortney and Kevin P. Jackson for Defendant and Appellant.

Diversity Law Group, Howard L. Magee; Hyun Legal and Dennis S. Hyun for Plaintiff and Respondent.

\* \* \* \* \* \*

We affirm the trial court's denial of Patina Restaurant Group, LLC's (Patina) petition to compel arbitration of the lawsuit initiated by its former employee Terrill La Count. We conclude that the arbitration procedure was both procedurally and substantially unconscionable.

## FACTS AND PROCEDURE

La Count worked as a server for Patina beginning in 2003. In March 2007, La Count signed a "UNIT STAFF HANDBOOK RECEIPT OF ACKNOWLEDGMENT" (Acknowledgment), acknowledging receipt of the "Unit Staff Employee Handbook (effective February, 2005)." The Acknowledgment stated: "If I am dissatisfied or disagree with any action or failure to act by the Company, its employees, agents or representatives, I agree to submit the matter to the Grievance and Arbitration Procedure in effect at the time for final and binding resolution and will not initiate a lawsuit."

Although the Acknowledgment refers to the "Unit Staff Employee Handbook," there was no such document. There was a "Unit Staff Manual." Page 29 of 35 of Patina's "Unit Staff Manual [¶] Revised February 2005" (Manual) provided: "All potential employment disputes, including disputes involving termination, harassment, and discrimination, must be resolved through a Grievance and Arbitration procedure. A copy can be obtained from the General Manager or the Human Resources Manager. Signing the acceptance for this manual stipulates that you are in agreement that all employment disputes must be resolved through the Grievance and Arbitration procedure in place at the time that the dispute arose."

The terms of the separate four-page "**GRIEVANCE AND ARBITRATION PROCEDURE**" available from the general manager or human resources manager will be quoted at length in the course of this opinion. Basically, the Grievance and Arbitration Procedure identified a lengthy grievance process that the employee was required to follow in order to later arbitrate his or her claim. If the extensive grievance process was not successful, the employee was required within 30 days of its failure to give Patina notice of his or her intention to arbitrate. Patina was excused from the grievance process, but was required to arbitrate any claims it had against its employees. There was a "presumption"

2

that each party would be self-represented in any arbitration. There was no evidence Patina signed any of the documents it claimed formed the arbitration agreement.

La Count filed a complaint alleging causes of action for racial and sexual orientation discrimination and harassment. He also alleged causes of action for wrongful termination, intentional infliction of emotional distress, and failure to prevent harassment, retaliation. All of the causes of action arose out of conduct during La Count's employment at Patina and alleged wrongful termination of that employment. La Count alleged that he was warned if he complained of the conduct of the general manager he would be terminated or his life would be made "very difficult." La Count also alleged that he was retaliated against for complaining of unlawful conduct to management. La Count alleged the general manager wrongly terminated him.

Patina moved to compel arbitration, arguing the parties had an agreement to arbitrate, and the arbitration provision was not unconscionable because it satisfied the requirements of *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*). In *Armendariz*, our high court explained: " '[U]nconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results. [Citation.] 'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.] But they need not be present in the same degree. 'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.] In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Id.* at p. 114.) A court may refuse to enforce a contract found "to have been unconscionable at the time it was made." (Civ. Code, § 1670.5, subd. (a).)

3

In support of Patina's motion to compel arbitration, Dawn Hernandez, Patina's human resources director, attached the Acknowledgment, a copy of the cover of the Manual and a copy of page 29 of the Manual, which included a provision entitled "**GRIEVANCE AND ARBITRATION**." The other portions of the Manual were not attached to her declaration. The Manual does not emphasize the arbitration provision. The font size, capitalization, and emphasis in the heading is the same as all of the headings, such as "**ENTERING & LEAVING THE PREMISES**," "**EXIT INTERVIEWS**," and "**JOB DESCRIPTIONS**." (In contrast to the arbitration provision, a provision stating that the Hollywood Bowl would accommodate patrons with disabilities was in a larger font size and in all capital letters.) Hernandez also attached a copy of Patina's Grievance and Arbitration Procedure, and represented that the procedures were referred to in the Manual. Hernandez's declaration was undisputed.

In his opposition to the petition to compel arbitration, La Count argued among other things that the arbitration agreement was procedurally and substantively unconscionable and that the offensive provisions were not severable. La Count averred that he was never given a copy of the Grievance and Arbitration Procedure. He stated that he signed the Acknowledgment because he was told otherwise he "would not have a job." According to him, Patina did not explain the significance of the Acknowledgment, and he was given only a few minutes to review the document. Patina does not dispute any "fact" in La Count's declaration. Patina replied to La Count's opposition to the motion to compel arbitration, arguing that the Grievance and Arbitration Procedure do not contain any unconscionable terms.

The trial court denied Patina's motion to compel arbitration. The trial court concluded that the parties did not form a contract to arbitrate. The trial court's written order did not discuss unconscionability. A copy of the reporter's transcript is not included in our record.

## DISCUSSION

On appeal, " 'we review the correctness of the order, and not the court's reasons . . . .' " (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.) For purposes of this appeal only, we assume that the parties' formed a contract to

4

arbitrate. We conclude the trial court correctly denied Patina's petition to compel arbitration because the contractual arbitration provision was unconscionable.[1]

### Unconscionability

"Unconscionability has both a procedural and a substantive component under California law. [Citation.] Procedural unconscionability focuses on the elements of oppression and surprise. [Citation.] Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice. Surprise involves the extent to which the terms of the bargain are hidden in a ' " ' " ' "prolix printed form" ' " ' " ' drafted by a party in a superior bargaining position. [Citation.] [¶] Substantive unconscionability focuses on the actual terms of the agreement and evaluates whether they create ' " ' "overly harsh" ' " or " ' "one-sided" ' results." ' [Citation.] 'Substantive unconscionability "may take various forms," but typically is found in the employment context when the arbitration agreement is "one-sided" in favor of the employer without sufficient justification, for example, when "the employee's claims against the employer, but not the employer's claims against the employee, are subject to arbitration." ' " (*Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 177.)

Both the procedural and substantive unconscionability must be present before a contract or term will be deemed unconscionable. Both, however, need not be present to the same degree. A sliding scale is applied so that " ' " 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the

---

**1** Although the trial court did not initially determine whether the contract was unconscionable, no party argues that any question of fact requires determination in the trial court. At oral argument, both sides expressly requested this court consider the issue, which was fully briefed on appeal. The "facts" in the declarations attached to the motion to compel arbitration and opposition are undisputed. Patina argues "[t]he facts here are simple and undisputed." Patina further argues "[t]he extrinsic evidence submitted by the parties in connection with Patina's motion to compel arbitration did not conflict or create any disputed factual issues." Patina represented that the trial court made no factual findings and did not provide a reporter's transcript of the hearing in the record on appeal. Absent a factual dispute, the issue may be determined for the first time on appeal. (*Lennar Homes of California, Inc. v. Stephens* (2014) 232 Cal.App.4th 673, 686.)

5

conclusion that the term is unenforceable, and vice versa.' " ' " (*Serafin v. Balco Properties Ltd., LLC, supra*, 235 Cal.App.4th at p. 178.)  Unconscionability is assessed at the time the contract was made, not based on subsequent events.  (*American Software, Inc. v. Ali* (1996) 46 Cal.App.4th 1386, 1391, 1392.)

We discuss procedural and substantive unconscionability separately and conclude that there was a high level of each.

## 1.  Procedural Unconscionability

"Procedural unconscionability focuses on the factors of surprise and oppression . . . ." (*Harper v. Ultimo* (2003) 113 Cal.App.4th 1402, 1406 (*Harper*).)  "Oppression generally 'takes the form of a contract of adhesion, " 'which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' " ' [Citation.]  In the case of arbitration agreements in the employment context, ' "the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." ' " (*Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 84.)

In *Harper*, the parties signed a contract including an arbitration provision requiring that controversies related to the contract "were to be settled 'in accordance with the Uniform Rules for Better Business Bureau Arbitration,' " which were not attached to the contract. (*Harper, supra*, 113 Cal.App.4th at p. 1405.)  The court found "surprise" in that the rules of the Better Business Bureau limited a plaintiff's ability to recover damages.  (*Id*. at p. 1406.) Because the rules were not attached, the customer could not learn of this limitation without going to another source prior to signing the agreement.  (*Ibid*.)  The court found the arbitration provision particularly oppressive because "[a]s written, the clause pegs both the scope and procedure of the arbitration to rules which might change.  And it is unclear whether an arbitration would be conducted under the Better Business Bureau rules as of the time of contracting, or at the time of arbitration. Thus even a customer who takes the trouble to check the Better Business Bureau arbitration rules before signing the contract may be in

for a preliminary legal battle in the event that Better Business Bureau arbitration rules were to become substantively less favorable in the interim." (*Id*. at p. 1407.)

"The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, ' "which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." ' " (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071.) Here, it is undisputed that the arbitration provision was in a contract of adhesion, i.e., a standardized contract drafted by the party with superior bargaining strength. (*Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1251-1252.) The Manual, which was drafted solely by Patina referenced the Grievance and Arbitration Procedure, which also was drafted solely by Patina. It is undisputed that La Count was required to sign the Acknowledgment if he wanted to continue working for Patina. There was no evidence the Grievance and Arbitration Procedure was negotiable; to the contrary, they were on a form available only from the Patina general manager or human resources director.

Additionally, as in *Harper*, there was "surprise" because La Count could not have learned the terms of the arbitration provision even if he investigated prior to signing the Acknowledgment. Under the provision in the Manual, not only was an employee required to ask for the separate document, but also Patina reserved the right to modify the arbitration procedures at any time during the parties' relationship. The arbitration provision *at the time the dispute* arose governed. The Manual provided that employment disputes "must be resolved through the Grievance and Arbitration procedure in place at the time that the dispute arose." Thus even an employee who investigated Patina's Grievance and Arbitration Procedure prior to signing the Acknowledgment would not know the full import of what he or she signed. Patina's ability to modify its procedures guaranteed "surprise" because an employee cannot learn the specific terms of the arbitration procedures prior to agreeing to them. (See *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 721.) The Grievance and Arbitration Procedure was procedurally unconscionable.

## 2. *Substantive Unconscionability*

" 'Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. [Citations.] A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be "so one-sided as to 'shock the conscience.' " ' " (*Carmona v. Lincoln Millennium Car Wash, Inc., supra*, 226 Cal.App.4th at p. 85.) " ' "[T]he paramount consideration in assessing [substantive] conscionability is mutuality." ' " (*Id*. at p. 85.)

Patina argues that the arbitration provision is mutual because, like its employees, Patina was required to submit its claims to arbitration. Patina cites the following sentence in Grievance and Arbitration Procedure as the sole support for its argument: "In the event the Company desires to assert a claim against an employee, the claim shall be submitted to final and binding arbitration." Although that sentence supports Patina's argument, the remainder of the four-page Grievance and Arbitration Procedure does not. The requirement that both parties arbitrate is not dispositive. (*Little v. Auto Stigler, Inc., supra*, 29 Cal.4th at pp. 1070, 1072-1073 [finding a portion of the agreement was unconscionable even though both parties were obligated to arbitrate].)

Most of the provisions in the Grievance and Arbitration Procedure were not mutual. First, the procedure sets forth a burdensome three-step grievance procedure only the employee was required to follow. (See *Pokorny v. Quixtar, Inc*. (9th Cir. 2010) 601 F.3d 987, 999 [under California law, obligation to engage in nonmutual conciliation process among other factors supported unconscionability].) The employee was required to discuss his or her grievance with his or her immediate supervisor within 90 days after it arose. If the supervisor failed to timely respond, the employee bore the burden to obtain assistance from Patina's general manager (the same person La Count alleged wrongfully terminated him) or human resources manager. If the employee received an unsatisfactory answer, he or she was required to provide a written grievance to his supervisor within 10 days of receiving the unsatisfactory answer. If that still proved unsatisfactory to the employee, the employee

8

was next obligated to file a written grievance with the human resources manager within 10 days of receiving a response from the supervisor.

An employee's failure to follow this grievance procedure would result in forfeiture of the employee's claim. The Grievance and Arbitration Procedure provides: "The failure to pursue a grievance in a timely fashion *shall* result in the waiver of your right to pursue the underlying issue in court or arbitration." (Italics added.) The grievance procedure recommended the employee seek assistance from the general manager or human resources director who "will also serve as a resource to the Company" or another employee. Such recommendation imposed an unfair burden on the employee, who is unlikely to obtain genuine assistance from the general manager or human resources manager when that person represents the company (especially in a case such as this one in which La Count alleged the general manager retaliated against him and wrongfully terminated him).

In other words, Patina is exempt from its own grievance procedure. The Grievance and Arbitration Procedure provides: "These [employer] claims need not first be processed through the grievance portion of the Procedure." Therefore the grievance procedures and its waiver provisions are not mutual. Moreover, requiring the employee to discuss a grievance with his or her immediate supervisor (who may be the source of the grievance) and with the general manager or human resources director allows the employer an advantage in gaining information about the employee's case prior to an arbitration. The employer gets a " 'free peek' " at the employee's case. (See *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1282-1283.) As in *Pokorny v. Quixtar, Inc., supra*, 601 F.3d at page 999, the grievance procedure "amounts to little more than an exploratory evidentiary hearing" for Patina.

The Grievance and Arbitration Procedure placed an additional burden on the employee not placed on the employer with respect to notice of the intent to arbitrate. The employee must give "written notice of the intention to arbitrate within 30 calendar days of receipt of the mailing of the . . . written decision [following the grievance procedure]." The failure to comply with the 30-day period results in forfeiture of the claim. Specifically, the

Grievance and Arbitration Procedure provides: "A failure to file the notice within the 30-day time period *shall* constitute a waiver of the dispute in any forum." (Italics added.)

Whereas the employer may give notice of the intent to arbitrate at any time "within the period of time allowed by that statute of limitations," the employee has much more burdensome time restrictions. (See *Nyulassy v. Lockhead Martin Corp., supra*, 120 Cal.App.4th at p. 1283 [finding that shortened limitations period was factor supporting substantive unconscionability]; *Davis v. O'Melveny & Myers* (2007) 485 F.3d 1066, 1076-1078 [finding a one-year limitation period for employment-related statutory claims to be unconscionable], overruled on other grounds in *Ferguson v. Corinthian Colleges, Inc.* (9th Cir. 2013) 733 F.3d 928, 933.) The reduced limitations period afforded the employee is not mutual.

The presumption that the parties will be "self-represented" in an arbitration proceeding further burdened the employee more than the employer. Patina had a human resources manager to assist in personnel matters (and she filed a declaration in this case). The employee in contrast has no similar representation. Moreover, Patina is more likely to be a sophisticated party familiar with arbitration procedures and more knowledgeable in drafting pre- and posthearing briefs permitted by the Grievance and Arbitration Procedure than a server (such as La Count) working in its restaurant. Finally, the employee faces the additional burden on his or her right to counsel of providing written notice of the intention to use counsel "within 15 days after the request to arbitrate has been submitted."

Thus, although under the Grievance and Arbitration Procedure Patina would be required to arbitrate a claim against an employee, the bulk of the provisions in the Grievance and Arbitration Procedure placed undue burden on the employee not similarly shouldered by the employer. The majority of the provisions were not mutual. The sheer number of infirmities militates against severing the unconscionable portion and enforcing the remainder of the agreement. " 'An arbitration agreement can be considered permeated by unconscionability if it "contains more than one unlawful provision . . . . Such multiple defects indicate a systematic effort to impose arbitration . . . not simply as an alternative to litigation, but as an inferior forum that works to the [stronger party's] advantage."

10

[Citation.] "The overarching inquiry is whether ' "the interests of justice . . . would be furthered" ' by severance." ' " (*Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138, 1149.)

La Count argues the unconscionable provisions cannot be severed. Patina does not contest that assertion in its briefs on appeal. Nor did it request the trial court sever any unconscionable portion. We conclude that the substantively unconscionable provisions are not severable. (See *Armendariz, supra*, 24 Cal.4th at p. 124 [more than one unlawful provision militates against severance].) As in *Zullo v. Superior Court* (2011) 197 Cal.App.4th 477, 488, in which the appellate court ordered the trial court to vacate its order compelling arbitration and enter a new order denying the petition to compel arbitration, "[t]here is no single provision we can strike in order to remove th[e] unconscionable taint." The trial court therefore properly denied Patina's petition to compel arbitration.[2]

## DISPOSITION

The order denying Patina's petition to compel arbitration is affirmed. La Count is entitled to costs on appeal.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.

---

[2] We need not consider the impact of the Federal Arbitration Act (9 U.S.C. 1 et seq.) because no party argues that it applies to this case.

11