**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNADETTE PAULEY, an individual; THOMAS CLARK, an individual on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs - Appellants, <br><br>  v. <br><br> CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation, <br><br>    Defendants - Appellees. | No. 14-55131 <br><br> D.C. No. 2:13-cv-08011-R-CW <br><br> MEMORANDUM[*] |
| BERNADETTE PAULEY, an individual, on behalf of herself and all others similarly situated, <br><br>    Plaintiff - Appellant, | No. 14-55155 <br><br> D.C. No. 2:13-cv-08012-R-CW |

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation,

Defendants - Appellees.

Appeals from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 10, 2016[**]
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Plaintiffs filed various claims in federal district court against the employer defendants (hereinafter collectively described as "CF Entertainment") and their union SAG-AFTRA prior to exhausting contractual grievance procedures. The district court dismissed all claims for lack of subject matter jurisdiction and Plaintiffs appealed. While the appeal was pending, the union and CF Entertainment

[**]    These cases were consolidated for oral argument only. We have also consolidated their dispositions in this Memorandum.

2

purported to settle all of Plaintiffs' claims pursuant to their authority under the collective bargaining agreement to resolve employee grievances. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings consistent with this memorandum disposition.

Courts of appeals have jurisdiction to review "all final decisions of the district courts" that continue to present a live case or controversy on appeal. 28 U.S.C. § 1291; U.S. Const. art. III, §2, cl. 2. It is immaterial to this jurisdictional analysis whether the *basis* for the district court's opinion is moot. So long as this Court "can give the appellant any effective relief in the event that it decides the matter on the merits in his favor," the appeal is not moot. *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986).

The September 2014 settlement agreement does not moot Plaintiffs' statutory claims against CF Entertainment. Under California law, an arbitration clause does not encompass statutory claims unless the agreement clearly and unmistakably states otherwise. *Hoover v. Am. Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1208 (2012). The arbitration provision in the parties' collective bargaining agreement does not expressly cover statutory claims. The union and CF Entertainment had no authority, therefore, to settle Plaintiffs' statutory claims. As to Plaintiffs' claim under the Private Attorneys General Act specifically, this Court

3

recently confirmed that an arbitration clause may not waive the right to file a PAGA claim. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 439 (9th Cir. 2015).

Plaintiffs' claim for a breach of the duty of fair representation against SAG-AFTRA is also not moot. Post-complaint conduct cannot moot a claim for punitive or monetary damages, as this Court may still grant effective relief for prior misconduct, if proven on the merits. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 196–97 (2000) (Stevens, J., Concurring). The union cannot moot a claim that it failed to protect its members' interests by later initiating a grievance and securing a settlement only after the aggrieved members turn to the courts for relief.

This Court may not grant relief for Plaintiffs' contract and tort claims against CF Entertainment, as these claims were legally settled and released by the settlement agreement. The arbitration provision of the parties' collective bargaining agreement permits the union and CF Entertainment to arbitrate and settle claims for breach of contract and any tort claims "rooted" in the contractual relationship between the parties. *Buckhorn v. St. Jude Heritage Med. Grp.*, 121 Cal. App. 4th 1401, 1407 (2004). Plaintiffs' three tort claims concern CF Entertainment's business and employment conduct. These tort claims are rooted in

the contractual relationship between the parties. They fall within the scope of the arbitration provision and are moot as a result of the settlement agreement. The dismissal of those claims is affirmed.

We review the district court's dismissal for lack of subject matter jurisdiction of the non-moot claims *de novo*. The district court has jurisdiction over all remaining claims. We affirm in part, vacate in part, and remand for further proceedings.

The district court has jurisdiction over Plaintiffs' statutory claims against CF Entertainment. Whether the district court erred in dismissing these claims for failure to exhaust contractual grievance procedures is no longer an issue. The settlement agreement has now satisfied any potential exhaustion requirement. Plaintiffs may seek relief in federal court for any unsettled claims. *See Rodrigues v. Donovan*, 769 F.2d 1344, 1349 (9th Cir. 1985). The union was not authorized to settle Plaintiffs' statutory claims against CF Entertainment. This portion of the district court's decision is vacated.

The district court also has jurisdiction over Plaintiffs' claim for breach of the duty of fair representation against SAG-AFTRA. The Supreme Court has long recognized that a labor union has a statutory duty of fair representation under the National Labor Relations Act, which creates federal question jurisdiction over

5

claims for a breach of the duty of fair representation. *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 83 (1989). A fair representation claim is a separate federal cause of action from any suit against the employer. *Id.* at 84. Federal court jurisdiction exists over a claim against the union whether or not a parallel suit against the employer is brought in federal court or arbitration. *Id*. The parties' arbitration agreement governs disputes "between any Producer and AFTRA or between any Producer and any member of AFTRA"; it does not apply to disputes between SAG-AFTRA and its members. The arbitrator would have no power to award damages attributable to the union's breach of duty. The district court's dismissal for lack of subject matter jurisdiction of Plaintiffs' claim against SAG-AFTRA for breach of the duty of fair representation was error. This portion of the district court's decision is vacated.

The district court properly ruled that Plaintiffs' Unfair Business Practices claim against SAG-AFTRA is preempted by federal law. *See Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008). The dismissal of that claim is affirmed.

Plaintiffs' request for an order of reassignment to a different district court judge is denied.

Each party shall bear its own costs.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.