NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK MILES,

       *Plaintiff-Appellee,*

  v.

BRUSCO TUG & BARGE, INC., ET AL.,

       *Defendant-Appellant.*

No.   22-15588

D.C. No. 2:18-CV-02860-TLN-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 14, 2023
San Francisco, California

Before: MILLER, SANCHEZ, and MENDOZA, JR., Circuit Judges.

      Brusco Tug & Barge, Inc. ("Brusco") appeals the denial of its motion to

compel arbitration of Plaintiff Frank Miles's statutory wage-and-hour,

meal-and-rest break, and unfair competition claims.  Reviewing the district court's

denial of Brusco's motion to compel arbitration de novo, *Knutson v. Sirius XM*

*Radio Inc.,* 771 F.3d 559, 564 (9th Cir. 2014), we affirm on different grounds, *see*

*S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co., Inc.*, 558

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

1

F.3d 1028, 1034 n.5 (9th Cir. 2009) (explaining that this Court "may affirm on any ground supported by the record, even if it differs from the district court's rationale" (citation omitted)).

1. Miles was a deck engineer for Brusco from approximately 2010 to 2017, responsible for all machinery, appurtenances and maintenance of a marine vessel. During his employment, he was a union member with the International Organization of Masters, Mates, and Pilots, Pacific Maritime Region (the "Union"). Brusco and the Union entered into a series of collective bargaining agreements ("CBA"). The CBA outlines a multi-step dispute resolution procedure which provides for arbitration of unresolved disputes between the Union and Brusco.

2. The parties disagree whether a valid arbitration agreement exists between Miles and Brusco. Assuming one exists, the scope of the CBA's arbitration agreement does not encompass the statutory wage claims at issue here. For an arbitration agreement to cover statutory claims, the agreement must evince a clear and unmistakable waiver of a judicial forum. *See Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79–80 (1998) (holding that a general arbitration clause in a collective bargaining agreement does not require an employee to arbitrate his statutory discrimination claim); *Hoover v. Am. Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1208 (2012) (applying *Wright's* "clear and unmistakable waiver of a

2

judicial forum" standard to collective bargaining disputes premised on statutory wage violations under California law). [1]

"In determining whether there has been a sufficiently explicit waiver of a judicial forum, courts look to the generality of the arbitration clause; the explicit incorporation of statutory requirements; and inclusion of specific statutes, identified by name or citation." *Hoover*, 206 Cal. App. 4th at 1208. A dispute resolution provision's "broad, general, unspecific arbitration clauses" requiring arbitration of "all disputes, controversies or disagreements arising out of the interpretation of this Agreement" are insufficient to constitute clear and unmistakable waiver of a judicial forum. *Vasquez v. Superior Ct.*, 80 Cal. App. 4th 430, 435 n.4 (2000); *see also Wilson-Davis v. SSP Am., Inc.*, 62 Cal. App. 5th 1080, 1096 (2021) ("Although there plainly is overlap between the subjects covered by the Labor Code and the collective bargaining agreement, none of the portions of the collective bargaining agreement . . . specifically incorporates any of the statutory provisions on which plaintiff's causes of action are based.")

---

[1] The parties assumed without discussion that the Federal Arbitration Act governs the arbitration clause here, but section 1 of the FAA expressly exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. As a deck engineer employed aboard a vessel, Miles's contract appears to be exempt from the FAA. *See Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 453 (2022). We need not resolve which substantive law applies because both federal and California law apply the same "clear and unmistakable waiver" standard.

Miles only alleges statutory claims premised on violations of the California Labor Code and California Business & Professions Code. As Brusco acknowledges, the CBA does not mention, let alone explicitly incorporate, any such statutory requirements. In the absence of a clear and unmistakable waiver of a judicial forum for Miles's statutory claims, there was no valid arbitration agreement between Miles and Brusco covering these claims.[2]

**AFFIRMED.**

---

[2] In light of our determination, we do not reach the arguments raised by the parties concerning waiver, forfeiture, or unconscionability.