Filed 12/31/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN BOWER,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS,<br>INC.,<br><br>        Defendant and Appellant. | A135940<br><br>(City & County of San Francisco<br>Super. Ct. No. 513013) |

Defendant Inter-Con Security Systems, Inc. (Inter-Con) appeals from an order denying its petition to compel arbitration of a putative wage and hour class action filed by plaintiff Brian Bower.  Inter-Con contends the trial court erred in finding that it waived its right to compel arbitration by engaging in litigation conduct inconsistent with the right to demand arbitration.  Inter-Con further argues that Bower's claims should be arbitrated and that the arbitration should be limited in scope to Bower's individual claims in light of a waiver of class claims contained in the parties' arbitration agreement.  Because we conclude there was substantial evidence to support the trial court's finding of waiver, we affirm the order denying the petition to compel.

### FACTUAL AND PROCEDURAL BACKGROUND

Bower was employed by Inter-Con as an armed security officer from April 2007 until he was terminated in May 2011.  He executed an initial arbitration agreement at the commencement of his employment in which he agreed to submit all disputes with Inter-Con to arbitration.  Claims for compensation and wages were expressly covered by the agreement.  In May 2008, Bower executed a second arbitration agreement (hereafter arbitration agreement) with Inter-Con that superseded the first agreement.  The second

1

arbitration agreement was similar in most respects to the first agreement except that it also contained a clause in which Bower agreed not to assert claims against Inter-Con on behalf of a class or in a representative capacity. It also specified that the parties agreed to arbitrate claims for breaks and rest periods.

Bower filed the lawsuit that gives rise to this appeal in August 2011. The lawsuit was filed as a putative class action and included causes of action against Inter-Con for (1) failure to provide meal and rest periods, (2) unlawful failure to pay wages, (3) failure to provide accurate itemized wage statements, (4) failure to pay wages upon termination, (5) unfair business practices under the Unfair Competition Act (Bus. & Prof. Code, § 17200 et seq.), and (6) a representative action under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.). Bower defined the putative class as "[a]ll persons who are and/or were employed as non exempt Armed Security Guards by Inter-Con Security Systems, Inc. within the State of California between August 2, 2007 and the present." (Italics omitted.)

Instead of filing a petition to compel arbitration, Inter-Con filed an answer to the complaint in October 2011. As an affirmative defense, Inter-Con asserted that Bower's claims were subject to arbitration.

Before Inter-Con had even filed its answer, Bower had already propounded discovery in early October 2011, including special interrogatories, document production requests, and form interrogatories. On December 5, 2011, Inter-Con served formal responses to Bower's discovery. Inter-Con objected to the discovery requests on the ground the arbitration agreement required Bower to pursue his claims in arbitration and prohibited him from seeking relief on behalf of a class or in a representative capacity. Inter-Con agreed to provide responses and documents only as to Bower in his individual capacity and generally refused to provide information relating to other persons in the putative class. However, Inter-Con provided at least one substantive response relating to class issues. Specifically, in response to a special interrogatory concerning the number of class members employed by Inter-Con during the class period, Inter-Con responded that it had employed 29 armed security officers in California that fit the class definition.

2

On the same date Inter-Con responded to Bower's discovery, it also propounded its own discovery on Bower. The discovery sought by Inter-Con consisted in part of 102 document requests. Although the majority of the document requests related to Bower's individual claims, a substantial number—46, according to Bower—sought documents pertaining to the entire putative class of armed security guards.

Within weeks of Bower's receipt of Inter-Con's discovery responses, the parties agreed to informally stay discovery in order to pursue class-wide settlement discussions. Inter-Con replaced its counsel in February 2012 but continued with efforts to settle the case.

Settlement discussions fell through by the beginning of May 2012. On May 16, 2012, following the conclusion of settlement discussions, Bower served responses to Inter-Con's document requests. The responses consisted largely of objections. Bower agreed to produce documents in response to seven of the requests. Although Bower claimed to have prepared 139 pages of documents for production, no such documents were actually served on Inter-Con.

On May 21, 2012, Bower filed a motion for leave to file a first amended complaint for the purpose of alleging a broader class of employees and additional theories of liability. Among other things, the expanded class definition sought to include *unarmed* security guards as well as armed security guards. In response, Inter-Con asked Bower to stay the action until it could file a petition to compel arbitration, but Bower refused.

At around the same time Bower was seeking to amend the complaint, Bower sought to meet and confer with Inter-Con regarding its purportedly deficient discovery responses. According to Bower, Inter-Con responded by claiming that Bower's time to move to compel further responses had already passed, notwithstanding the parties' informal agreement to stay discovery during settlement discussions. On June 1, 2012, Bower moved to compel further responses to his discovery requests.

Three days after Bower filed his motion to compel, on June 4, 2012, Inter-Con filed a petition to compel arbitration. At the same time, Inter-Con filed an ex parte

3

application to stay the action pending the outcome of its arbitration petition. The court granted the stay on June 6, 2012.

The court heard argument on Inter-Con's petition on June 28, 2012. By order dated July 2, 2012, the court denied the petition. The court's order simply states: "Defendant waived the right to arbitrate by propounding and responding to class discovery."

The court provided further explanation for its ruling at the hearing on the petition. The court surmised that Inter-Con declined to compel arbitration at the outset as a "tactical decision because the class at that point was relatively modest, and now it looks like the plaintiff wants to expand the class dramatically." Fundamentally, the court focused on the fact that Inter-Con propounded and responded to class discovery, which was inconsistent with Inter-Con's position that the case should be arbitrated on an individual basis only. In response to Inter-Con's claim that Bower suffered no prejudice as a result of Inter-Con's actions, the court cited case law standing for the proposition that a plaintiff may suffer prejudice when the defendant's actions substantially impair the plaintiff's ability to take advantage of the benefits and cost savings afforded by arbitration. The court observed that any waiver of arbitration only applied to the original complaint and not to any amended complaint that might substantially increase the size of the putative class.

Inter-Con timely appealed from the order denying its petition to compel arbitration.

DISCUSSION

**1.** *Applicability of Federal Arbitration Act*

At the outset, we consider the parties' contentions concerning whether the arbitration agreement is governed by the Federal Arbitration Act (FAA). Inter-Con contends the FAA governs our interpretation, whereas Bower argues that California law should be applied in interpreting the arbitration agreement.

We conclude it is unnecessary to decide whether the FAA or California law governs our interpretation of the arbitration agreement. As explained below, we affirm

the trial court's finding of waiver without the need to interpret the arbitration agreement as it applies to the parties' dispute. We discern no meaningful difference between waiver principles under the FAA or California law as they apply to agreements to arbitrate. Indeed, in *St. Agnes Medical Center v. Pacificare of California* (2003) 31 Cal.4th 1187, 1195–1196 (*St. Agnes Medical Center*), our Supreme Court stated that factors used to assess waiver under federal law were also relevant and properly considered under California law. (See *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444 (*Lewis*) [FAA and California law apply same standards in determining waiver].) Consequently, our disposition does not turn on whether the FAA or California law applies.

## 2. *Principles Governing Waiver of Arbitration*

"A party seeking to prove waiver of a right to arbitration must demonstrate: ' "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration." ' " (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1203 (*Hoover*).) Waiver does not require a voluntary relinquishment of the right to arbitrate, and a party may waive the right without any intent to do so. (*Ibid.*) Although participating in the litigation of an arbitrable claim does not by itself waive a party's right to later seek to arbitrate the matter, at some point continued litigation of the dispute justifies a finding of waiver. (*Id.* at p. 1204.) "The relevant factors establishing waiver include whether the party's actions are inconsistent with the right to arbitrate; whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; whether a party delayed for a long period before seeking a stay; whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration) had taken place; and whether the delay affected, misled, or prejudiced the opposing party." (*Ibid.;* accord, *St. Agnes Medical Center, supra,* 31 Cal.4th at p. 1196.)

Because the law favors arbitration, waiver will not be lightly inferred. (*St. Agnes Medical Center, supra,* 31 Cal.4th at p. 1195.) A party asserting waiver of the right to

5

arbitrate "bears a heavy burden of proof," with all doubts to be resolved in favor of arbitration. (*Ibid.*)

"There is no fixed stage in a lawsuit beyond which further litigation waives the right to arbitrate. Rather, the court views the litigation as a whole in determining whether the parties' conduct is inconsistent with a desire to arbitrate. (*Hoover, supra,* 206 Cal.App.4th at p. 1204.) Prejudice is a determinative issue. (*Id.* at p. 1205.) "Because of the strong policy favoring arbitration, prejudice typically is found only where the petitioning party has unreasonably delayed seeking arbitration or substantially impaired an opponent's ability to use the benefits and efficiencies of arbitration. [Citations.] Prejudice is not found where the party opposing arbitration shows only that it incurred court costs and legal expenses in responding to an opponent's pleadings and motions. [Citation.] Prejudice sufficient for waiver will be found where instead of seeking to compel arbitration, a party proceeds with extensive discovery that is unavailable in arbitration proceedings." (*Ibid.*)

The question of waiver is generally a question of fact, and the trial court's finding of waiver is binding on us if it is supported by substantial evidence. (*St. Agnes Medical Center, supra,* 31 Cal.4th at p. 1196.) "We infer all necessary findings supported by substantial evidence [citations] and 'construe any reasonable inference in the manner most favorable to the judgment, resolving all ambiguities to support an affirmance.' " (*Lewis, supra,* 205 Cal.App.4th at p. 443.) Reversal is not justified simply because the trial court could have potentially reached a different conclusion on the question of waiver. "[R]ather, we may reverse the trial court's waiver finding only if the record establishes a lack of waiver *as a matter of law*." (*Id.* at p. 453, italics added.) When the relevant facts are undisputed and only one inference may reasonably be drawn from the facts, the waiver issue may be reviewed de novo. (*St. Agnes Medical Center, supra,* at p. 1196; *Hoover, supra,* 206 Cal.App.4th at p. 1202.)

**3.** *Substantial Evidence Supporting Waiver*

Inter-Con argues that de novo review is required here because the underlying facts are uncontroverted. Although the parties do not seem to dispute the timeline of events,

we do not agree that de novo review is required. Independent review is appropriate only when the facts permit just one reasonable inference. (*St. Agnes Medical Center, supra,* 31 Cal.4th at p. 1196.) Here, the facts do not ineluctably lead to one conclusion on the issue of waiver. Some facts tend to show that Inter-Con acted consistently with its right to demand arbitration, while other facts reveal that Inter-Con did not act in a manner consistent with enforcing the arbitration agreement. Under the circumstances, where different inferences may drawn depending upon the weight to be afforded to certain facts, we review the trial court's ruling under the more deferential substantial evidence standard of review.

In order to prove a waiver of the right to arbitrate, Bower was required to demonstrate that Inter-Con was (1) aware of its right to compel arbitration, (2) acted inconsistently with that right, and (3) prejudiced Bower as a result. (*Hoover, supra,* 206 Cal.App.4th at p. 1203.) There is substantial evidence to support each of these elements of waiver, as we explain.

It is beyond dispute that Inter-Con was aware of its right to compel arbitration from the outset. Inter-Con asserted its right to arbitrate under the arbitration agreement in its answer to the complaint and in its responses to Bower's discovery.

Furthermore, Inter-Con acted inconsistently with the right to compel arbitration primarily by propounding class-wide discovery. It is and has been Inter-Con's position that this case must be arbitrated on an individual basis only and not as to class claims. Seeking class-wide discovery in litigation is fundamentally inconsistent with the claim that any arbitration under the arbitration agreement would be limited to Bower's individual claims.

Inter-Con contends its conduct was not inconsistent with the right to arbitrate, pointing out that the arbitration agreement permitted reasonable discovery under the Federal Rules of Civil Procedure. While it may be true that the arbitration agreement allowed the parties to conduct discovery, there is nothing in the arbitration agreement to suggest the parties had any right to discovery of matters beyond the scope of the arbitration. Plainly, if the arbitration were limited to Bower's individual claims, Inter-

Con would have no right to conduct class-wide discovery in the arbitration. In the trial court, Inter-Con claimed it is not uncommon in wage and hour cases to seek information regarding other individuals with similar claims, and Inter-Con therefore claimed seeking class-wide discovery was not inconsistent with the right to arbitrate. We will simply reiterate the trial court's response to Inter-Con's claim: "Come on. Of course it is." Discovery concerning individuals who may support a plaintiff's factual claims is distinct from class-wide discovery.

Inter-Con further argues that the trial court improperly focused on the amount of discovery *propounded* by it rather than the amount it *obtained.* According to Inter-Con, it gained no unfair advantage because Bower refused to provide substantive responses to the discovery. However, simply because Inter-Con was unsuccessful in obtaining class-wide discovery does not change the fact that Inter-Con acted inconsistently with the right to arbitrate by seeking the discovery. A party's actions in litigation that are inconsistent with the right to arbitrate cannot be ignored simply because they did not succeed in achieving that party's goals.

Relying on *Zamora v. Lehman* (2010) 186 Cal.App.4th 1, Inter-Con contends the "paltry" amount of discovery obtained does not support a conclusion that it took unfair advantage of judicial discovery. As an initial matter, we emphasize that the focus should be on what Inter-Con sought and not necessarily on what it obtained, at least for purposes of assessing whether Inter-Con acted inconsistently with the right to arbitrate. Moreover, the case relied upon by Inter-Con is distinguishable. There, the party who sought arbitration had participated in discovery only to the extent of questioning a deposition witness for two hours, and that was after other parties had refused a request to excuse the party from the deposition with the understanding that the party could question the witness later if settlement efforts failed. (*Id.* at p. 20.) The court concluded the de minimis discovery did not constitute an effort to take advantage of judicial discovery when it was initiated by others and was conducted only after reasonable attempts to avoid it. (*Ibid.*) Here, by contrast, the class-wide discovery at issue was initiated by Inter-Con, was not de

minimis, and was not propounded to preserve some right to seek discovery that would otherwise be lost.

In addition to the class-wide discovery propounded by Inter-Con, its conduct in general was inconsistent with arbitration of an individual claim. As the trial court suggested, one can infer from Inter-Con's actions that it made a tactical decision to resolve the matter on a class-wide basis in the judicial forum when the size of the class was modest. Although Inter-Con carefully sought to preserve its right to arbitrate in its answer and in its responses to discovery, it provided class-wide information when the response served its interests and furthered efforts to settle class claims—namely, responding that the class size was limited to 29 individuals.

Further, the months-long effort to settle the case was not limited to Bower's individual claims but instead focused exclusively on a class settlement. Inter-Con argues that attempts to settle an action are not inconsistent with the right to arbitrate. (*Zamora v. Lehman, supra,* 186 Cal.App.4th at p. 22.) While it is certainly the case that settlement is favored, it is questionable whether the principle relied upon by Inter-Con applies when the settlement efforts encompass claims outside the scope of arbitration. Attempts to settle class claims are inconsistent with the right to arbitrate an individual claim to the extent they delay or derail resolution of the individual claim. Inter-Con's attempt to settle the case on a class-wide basis was inconsistent with its right under the arbitration agreement to insist that any claims had to be arbitrated on an individual basis only.[1] We

---

[1]On appeal, Inter-Con objects to Bower's representation that settlement discussions were focused on class claims, pointing out that there is a strong public policy protecting the confidentiality of settlement discussions. (Cf. Evid. Code, § 1115 et seq. [setting forth mediation privilege].) We do not suggest it is appropriate for a party to disclose the content of settlement communications in order to support a waiver claim. Inter-Con's objection might have arguable merit but for the fact that *Inter-Con's counsel* readily admitted at the trial court hearing that the parties "were focusing on resolution of the class claims . . . for the 29 putative class members." Accordingly, Inter-Con cannot now be heard to complain that it is improper for Bower to represent that settlement efforts focused on class claims.

conclude there is substantial evidence to support the finding that Inter-Con's actions were inconsistent with a right to arbitrate.

Finally, we turn to the issue of prejudice, which presents a closer question than the first two prongs of the analysis. Inter-Con argues that Bower has failed to establish any prejudice and notes that merely responding to discovery and incurring court costs and legal expenses does not constitute prejudice. It takes the position that its actions must have afforded it an unfair advantage and materially prejudiced Bower's position in any arbitration in order to satisfy the prejudice prong of the waiver analysis. Inter-Con takes a much too narrow view of the prejudice that must be shown to support a waiver in a case where delay is found to be unreasonable.

As the court explained in *Hoover, supra,* 206 Cal.App.4th at page 1205, "prejudice typically is found only where the petitioning party has unreasonably delayed seeking arbitration or substantially impaired an opponent's *ability to use the benefits and efficiencies of arbitration.* [Citation.] Prejudice is not found where the party opposing arbitration shows only that it incurred court costs and legal expenses in responding to an opponent's pleading and motions. [Citations.] Prejudice sufficient for waiver will be found where instead of seeking to compel arbitration, a party proceeds with extensive discovery that is unavailable in arbitration proceedings." (Italics added.)

In *Hoover,* the court observed that the party seeking arbitration had conducted litigation in a style inconsistent with the right to arbitrate. (*Hoover, supra,* 206 Cal.App.4th at p. 1205.) Its recalcitrant responses to discovery suggested it was more interested in delay than expeditious resolution through arbitration. It availed itself of discovery unavailable in arbitration and caused the opposing party to incur significant

---

In any event, our decision does not turn on the content of the parties' settlement communications. Wholly apart from any representations made in the course of settlement discussions, Inter-Con's actions permitted an inference that it was not focused exclusively on Bower's individual claim. Among other things, it was apparent from the parties' efforts to stay discovery that the purpose of the stay was to pursue resolution of class issues. Further, even if we disregard efforts to reach a class-wide settlement, Inter-Con engaged in conduct inconsistent with the right to compel arbitration of an individual claim.

10

legal expenses, resulting in delay and prejudice to the opposing party. (*Ibid.*) The court concluded its discussion of waiver by noting, "Especially in class actions, the combination of ongoing litigation and discovery with delay in seeking arbitration can result in prejudice." (*Id.* at pp. 1205–1206.)

Here, Inter-Con's actions substantially impaired Bower's ability to obtain the cost savings and other benefits associated with arbitration. Aside from the delay in seeking to arbitrate the matter, Inter-Con required Bower to respond to discovery that would have been unavailable in arbitration. It was not just that Bower incurred legal fees and costs; those expenses were associated with work that would be useless in arbitration. Inter-Con describes some of the expenses incurred by Bower as self-inflicted, such as the filing of discovery motions. However, given that Inter-Con signaled its willingness to litigate class claims by filing discovery and pursuing settlement on a class-wide basis, it was not unreasonable for Bower to take appropriate actions necessary to pursue his class claims. The crux of the prejudice suffered by Bower is that he suffered delay and incurred costs in litigating and attempting to settle class claims that Inter-Con led him to believe would be encompassed within the litigation. As a result of Inter-Con reversing course and choosing to pursue arbitration limited to Bower's individual claims, Bower suffered prejudice in that much of the expense incurred and effort expended would have no value in arbitration.

After the appeal was fully briefed, Inter-Con brought to this court's attention a recent case in which the appellate court reversed a waiver finding, *Gloster v. Sonic Automotive, Inc.* (2014) 226 Cal.App.4th 438. The case does not aid Inter-Con. There, the plaintiff filed an employment-related lawsuit against his former employer and others. (*Id.* at p. 441.) The plaintiff filed discovery and the defendants had responded to some of the discovery requests. However, the defendants had not served any discovery or made any motion or petition other than the petition to compel arbitration. (*Id.* at p. 444.) The claim of prejudice was based solely on legal expenses that were largely the result of plaintiff's own efforts at discovery and his response to another party's demurrer, as well as the "increased anxiety he suffered as a result of the litigation." Not surprisingly, the

11

appellate court concluded the plaintiff had not suffered any cognizable prejudice as a result of the delay in seeking arbitration. (*Id.* at p. 450.) In this case, by contrast, Bower incurred expenses attributable to Inter-Con's discovery and its decision to pursue class-wide resolution of the dispute. As a result of Inter-Con's actions, he devoted time and energy to activities that had no bearing on an arbitration of his individual claims.

Another case decided after briefing was complete in this appeal is the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*).) At oral argument on appeal, counsel for Inter-Con argued that the waiver analysis in *Iskanian* supports its position. We disagree.

In *Iskanian,* a defendant filed a timely petition to compel arbitration in response to a putative wage and hour class action complaint. (*Iskanian, supra,* 59 Cal.4th at p. 375.) After the trial court granted the petition and the matter was on appeal, the California Supreme Court issued *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*), which restricted the enforceability of class waivers. (*Iskanian, supra,* at p. 375.) The Court of Appeal remanded the matter for reconsideration in light of *Gentry.* Instead of further litigating its petition to compel arbitration, the defendant withdrew the petition and proceeded to litigate the claim and resist efforts to certify a class. Shortly after the United States Supreme Court filed its decision in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, 131 S.Ct 1740, which called *Gentry* into question, the defendant successfully renewed its petition to compel arbitration. (*Iskanian, supra,* at p. 375.) The plaintiff argued that the defendant had waived its right to compel arbitration by engaging in class litigation. The defendant asserted futility as a justification for the delay, arguing that it renewed its motion to compel arbitration as soon as a change in the law made clear it would no longer be futile to pursue arbitration. (*Id.* at p. 376.)

Our Supreme Court held that futility may excuse a delay in seeking arbitration. (*Iskanian, supra,* 59 Cal.4th at p. 376.) According to the court, "[w]here . . . a party promptly initiates arbitration and then abandons arbitration because it is resisted by the opposing party and foreclosed by existing law, the mere fact that the parties then proceed to engage in various forms of pretrial litigation does not compel the conclusion that the

12

party has waived its right to arbitrate when a later change in the law permits in favor of arbitration." (*Id.* at pp. 377–378.) The court distinguished the facts of *Iskanian* from "cases finding unexcused delay where the party asserting arbitration has some real chance of succeeding in compelling individual arbitration under extant law applicable to class waivers." (*Id.* at p. 376.)

The court in *Iskanian* also addressed the issue of prejudice resulting from delay. (*Iskanian, supra,* 59 Cal.4th at pp. 377–378.) In the course of its analysis, the court harmonized case law that takes different approaches to the issue of whether time and expense incurred by a party opposing arbitration can be sufficiently prejudicial by itself to justify a waiver of the right to arbitrate, even without a showing that the party seeking arbitration gained some unfair advantage in the arbitration as a result of its conduct. The distinction in the case law turns on whether any delay in seeking arbitration is *reasonable*. The *Iskanian* court began by citing the principle that merely participating in litigation and causing the party opposing arbitration to incur court costs and legal fees does not, by itself, constitute prejudice sufficient to result in a waiver of the right to arbitrate. (*Id.* at p. 377.) However, the court acknowledged that some appellate courts had considered the expenditure of time and money as a relevant factor in assessing prejudice in cases where the delay was *unreasonable.* (*Ibid.*) The court also noted a line of cases—including *Hoover*—finding that "*unjustified* delay, combined with substantial expenditure of time and money, deprived the parties of the benefits of arbitration and was sufficiently prejudicial to support a finding of waiver to arbitrate." (*Ibid.,* italics added.) Notably, the court did not criticize or disapprove of cases in which a prejudice finding turned on the expenditure of time and money. Instead, the court concluded that the latter set of cases was inapplicable under the facts presented in *Iskanian* because the cases involved delay caused by *unreasonable* or *unjustified* conduct. By contrast, the delay in *Iskanian* was *reasonable* in light of the futility of seeking arbitration until the law changed. (*Ibid.*) Having concluded the delay was reasonable, the *Iskanian* court further reasoned the showing of prejudice was insufficient to result in a waiver of the right to arbitrate because the party seeking arbitration did not gain an unfair advantage in the

13

arbitration, such as obtaining discovery that would have otherwise been unavailable in the arbitral forum. (*Id.* at p. 378.)

*Iskanian* does not aid Inter-Con. Unlike the defendant in *Iskanian,* Inter-Con did not file a timely petition to compel arbitration at the outset of the case. Further, futility was not the justification for Inter-Con's delay in seeking arbitration. Inter-Con has not demonstrated or even suggested that its petition would have had little chance for success under the law as it existed at the time Bower filed his complaint. Rather, the cause for the delay appears to have been tactical. One can infer that Inter-Con chose to conduct discovery, delay arbitration, and seek a class-wide settlement because it saw an advantage in pursuing that course of action in the judicial forum. There is nothing to suggest Inter-Con was compelled to conduct itself in that fashion as a result of the existing state of the law, nor was there any change in the law that prompted Inter-Con to finally pursue arbitration. Consequently, Inter-Con cannot claim its delay was reasonable under *Iskanian*. Instead, the delay was unreasonable and unexcused because it resulted from conduct neither consistent with the right to arbitrate nor compelled by the existing state of the law. Under the circumstances, it is proper to consider whether the expenditure of time and money deprived Bower of the benefits of arbitration and was sufficiently prejudicial to amount to a waiver of Inter-Con's right to arbitrate. (*Iskanian, supra,* 59 Cal.4th at p. 377.)

In light of our duty to defer to the trial court's factual findings, we cannot say as a matter of law that Bower suffered no cognizable prejudice. We must therefore affirm the trial court's finding on the issue.[2]

## DISPOSITION

The order denying the petition to compel arbitration is affirmed. Bower shall recover his costs on appeal.

---

[2]Like the trial court, we observe that our finding of waiver of the right to arbitrate does not necessarily extend to an amended complaint with a substantially expanded class definition. Our analysis is limited to the complaint as it existed at the time Inter-Con filed its petition to compel arbitration.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.

Brian Bower, Plaintiff and Respondent v. Inter-Con Security Systems, Inc., Defendant and Appellant.  (A135940)


Trial court:            City & County of San Francisco

Trial Judge:            Hon. Harold E. Kahn

Counsel:



Counsel for Appellant, Inter-Con Security Systems, Inc.:

Ronald W. Novotny
Robert R. Roginson
Amber M. Solano
Atkinson, Andelson, Loya, Ruud & Romo PLC



Counsel for Respondent, Brian Bower:

Matthew R. Bainer
Molly A. DeSario
Scott Cole & Associates, APC