Filed 8/26/19; Modified and Certified for Pub. 9/17/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH R. SPRACHER,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PAUL M. ZAGARIS, INC., et al.,<br><br>     Defendants and Appellants. | A152941<br><br>(Contra Costa County<br>Super. Ct. No. MSC1502030) |
| CAROL HIGASHI,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DISCLOSURE SOURCE et al.,<br><br>     Defendants and Appellants. | A152962<br><br>(Contra Costa County<br>Super. Ct. No. MSC1502030) |

**MEMORANDUM OPINION**[1]

Defendants[2] bring this consolidated appeal of the trial court's denial of their motion to compel arbitration. We affirm.

Almost two years into active litigation, defendants moved to compel arbitration of this class action brought on behalf of persons who employed the services of defendant

---

[1] We resolve this case by abbreviated form of opinion as permitted by California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.) The parties are aware of the detailed procedural and factual background of this case.

[2] All defendants other than defendant Valley NHD Inc. appeal the order denying the motion to compel arbitration.

Paul M. Zagaris, Inc. (PMZ) to buy or sell a residence.  The complaint named five representative plaintiffs (plaintiffs), of whom only plaintiff Carol Higashi (Higashi) remains, and sets forth the following allegations.  Plaintiffs allege that defendants entered into a scheme to defraud PMZ's clients related to the provision of natural hazard disclosure (NHD) reports as part of real estate transactions.  In brief, plaintiffs allege that the scheme involved the formation of a company to purchase NHD reports from defendant Disclosure Source at one price and sell them to PMZ's clients at over double that price without any disclosure regarding the markup.  Plaintiffs further allege that certain defendants also received kickbacks related to NHD reports issued directly by defendant Disclosure Source.  Plaintiffs allege that Higashi employed PMZ as her broker to sell her home and was provided a NHD report as part of the transaction.  Defendants deny these allegations.

A motion to compel arbitration is properly denied when the moving party has waived its right to do so.  (Civ. Proc. Code, § 1281.2, subd. (a).)  "The question of waiver is generally a question of fact, and the trial court's finding of waiver is binding on us if it is supported by substantial evidence. [Citation.]" (*Bower v. Inter-Con Security Systems, Inc.* (2014) 232 Cal.App.4th 1035, 1043.)  Because this is not a case where "only one inference may reasonably be drawn" from the underlying facts, we review the trial court's decision under a substantial evidence standard.  (*Ibid*; see *Sprunk v. Prisma LLC* (2017) 14 Cal.App.5th 785, 795 (*Sprunk*) [substantial evidence standard is the appropriate standard to apply to trial court's determination of relevant litigation events].)

Although "no single test delineates the nature of the conduct that will constitute a waiver of arbitration," the California Supreme Court has identified the following factors as relevant for consideration:  " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for

2

a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195–1196 (*St. Agnes Medical Center*); see also *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 374–375 [" 'California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure' "].) Here, the trial court properly applied the factors set forth in *St. Agnes Medical Center* and found that Higashi carried the heavy burden of proving that defendants waived the right to arbitration by unreasonably delaying the demand for arbitration, substantially invoking the litigation machinery, and taking steps inconsistent with a right to arbitrate. (*St. Agnes Medical Center*, *supra*, at p. 1196.)

Unreasonable delay in seeking arbitration may, standing alone, constitute a waiver of a right to arbitrate. (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945 (*Burton*).) The trial court's finding that the delay in moving to compel arbitration until September 5, 2017, almost two years into the litigation and approximately three months before the deadline for the filing of the motion for class certification, was a "strategic decision" is well supported. The trial court's determination that "defendants' delay of nearly two years before seeking to compel this dispute to arbitration and stay this lawsuit constitutes an unreasonably long period of time, and defendants' explanation for their delay is unavailing" is copiously supported by the evidence. During the 21-month delay, defendants filed multiple demurrers, engaged in extensive discovery, and filed a motion for summary judgment that resulted in representative plaintiffs other than Higashi being dismissed. In regards to the motion for summary judgment, the trial court noted as follows: "what I understood you were doing was figuring out whether any of these folks had a claim . . . . ¶ So you may have called [the motion] standing, but you folks were litigating the merits of this case fiercely for nearly two years. And now you want to go to

3

arbitration." Having made this strategic decision to significantly delay arbitration, defendants cannot now credibly complain about the trial court's ruling denying arbitration. (See *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992 [" 'a party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration' "].)

The trial court found defendants "substantially invoked" the litigation machinery before providing any notice regarding an intent to arbitrate and did so in a manner "inconsistent with the right to arbitrate." (See *St. Agnes Medical Center*, *supra*, 31 Cal.4th at p. 1196.) As stated in the order, "defendants' actions in filing multiple rounds of demurrers, propounding extensive discovery, filing a lengthy and complicated summary judgment motion, and litigating this case in court for nearly two years (both in isolation and when taken together), all without ever even suggesting that the dispute should be arbitrated, are inconsistent with a right to arbitrate. Those same actions demonstrate that the 'litigation machinery' has been substantially invoked in this case, and that the parties are well into the preparation of this lawsuit."

At the hearing on the motion to compel arbitration, the trial court noted this "has been a well-litigated case" with more than 12 case management conference hearings, two rounds of demurrers, and a detailed summary judgment motion. Further, the "extensive discovery activity directed at Higashi" included defendants' deposition of Higashi (for more than six hours), form interrogatories, and more than 50 requests for production, 25 requests for admission, and 30 special interrogatories. Hence, there is more than substantial evidence supporting the finding that defendants substantially invoked the "litigation machinery" before notifying plaintiff of their intent to arbitrate. In fact, defendants did not even mention arbitration until their August 18, 2017 case management conference statement, filed less than one month before the motion to compel arbitration. And defendants' failure to list arbitration as an affirmative defense further underlines the inconsistency between their conduct and the assertion of a right to arbitrate. (*Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 (*Guess?*); see also *Adolph v. Coastal Auto Sales, Inc.* (2010) 184 Cal.App.4th 1443, 1452 (*Adolph*) [appellate court

4

was "loathe to condone conduct by which a defendant repeatedly uses the court proceedings for its own purposes (challenging the pleadings with demurrers) . . . . all the while not breathing a word about the existence of an arbitration agreement, or desire to pursue arbitration . . . ."].)

We now turn to prejudice and find ample, clear evidence in support of the trial court's finding that defendants' delay resulted in prejudice to Higashi by causing her to expend significant time and resources while denying her the efficiencies of arbitration. (See *Hoover v. American Income Life Ins. Co* (2012) 206 Cal.App.4th 1193, 1205–1206 ["[e]specially in class actions, the combination of ongoing litigation and discovery with delay in seeking arbitration can result in prejudice"]; *Burton*, *supra*, 190 Cal.App.4th at p. 948 ["stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an 'expedient, efficient and cost-effective method to resolve disputes' "]) As described above, the litigation here was extensive and defendants "took full advantage of the opportunity to test the validity of [Higashi's] claims, both legally and factually, primarily at [Higashi's] expense." In the course of the litigation, Higashi incurred over $315,000 in attorneys' fees and $8,600 in expenses. (See *Adolph*, *supra*, 184 Cal.App.4th at p. 1451 [moving to compel arbitration six months after the filing of the complaint, during which time defendant filed two demurrers, accepted and contested discovery requests, made attempts to schedule discovery, and failed to assert arbitration in its case management statement, found to prejudice plaintiff by substantially undermining plaintiff's " 'ability to take advantage of the benefits and cost savings provided by arbitration' "].)

Defendants' claim that they had the right to extensive litigation because they were originally dealing with multiple plaintiffs who had signed different real estate agreements with different arbitration provisions is unavailing. As set forth in the trial court's order, "[d]efendants say that they could not have moved earlier to compel arbitration because there were other plaintiffs in the case who had signed different arbitration agreements . . . . defendants made a strategic decision to forego seeking arbitration in favor of litigating all of the claims alleged by the various plaintiffs – including Higashi – in Court.

5

By their own admission, they chose to do so to avoid a consequence that they viewed as undesirable." As stated by the trial court, arbitration "might be more strategically convenient for defendants now that only one plaintiff subject to one arbitration agreement remains, but it is difficult . . . to see how arbitration only became 'appropriate' now." We note that the five named representative plaintiffs brought one complaint, and a review of that complaint shows extensive overlap in their claims and the claims of the class that they sought to represent. Presumably, if numerous plaintiffs had proceeded to arbitration there would have been appropriate efforts to coordinate the matters and motions regarding the representative plaintiffs; we have been provided with zero evidence to the contrary. In other words, " ' "[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." ' [Citation.]" (*Guess?*, *supra*, 79 Cal.App.4th at p. 558.)[3]

As the trial court's determination that defendants waived arbitration is supported by substantial evidence, its ruling stands and this case shall proceed in the trial court.

## DISPOSITION

The judgment is affirmed. Plaintiff Carol Higashi is entitled to recover costs on appeal.

---

[3] We do not reach defendant Disclosure Source's argument that its delay in moving to compel arbitration was justified because of an unclear right to arbitration under an equitable estoppel theory. This argument was never raised in the trial court and is therefore waived. (*Lambert v. Carneghi* (2008) 158 Cal.App.4th 1120, 1129.) Had this argument been raised, it was unlikely to succeed as the question is whether there were grounds to move to compel arbitration and not whether the motion would have been granted. (*Sprunk*, *supra*, 14 Cal.App.5th at pp. 796–797.) It is also worth noting that any difficulty in moving to compel arbitration against the other plaintiffs is not relevant as to Higashi, the sole plaintiff who was the subject of the motion to compel arbitration.

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Fujisaki, J.

Filed 9/17/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH R. SPRACHER, | |
| Plaintiff and Respondent, | A152941 |
| v. | |
| PAUL M. ZAGARIS, INC., et al., | (Contra Costa County Super. Ct. No. MSC1502030) |
| Defendants and Appellants. | |
| CAROL HIGASHI, | |
| Plaintiff and Respondent, | A152962 |
| v. | |
| DISCLOSURE SOURCE et al., | (Contra Costa County Super. Ct. No. MSC1502030) |
| Defendants and Appellants. | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT; ORDER CERTIFYING OPINION AS MODIFIED FOR PUBLICATION |

THE COURT:

It is ordered that the opinion filed on August 26, 2019, be modified as follows:

On page 1, the sentences in footnote 1 are deleted, and the following sentences are inserted in their place:

We resolve this case by abbreviated form of opinion as permitted by California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97

1

Cal.App.4th 847, 853–855.)  The parties are aware of the detailed procedural and factual background of this case, which we need not recite to resolve this appeal.  While memorandum opinions are not generally certified for publication, we find this opinion meets the standards to be certified for publication.  (See Cal. Rules of Court, rule 8.1115(c).)

There is no change in the judgment.

The opinion in the above-entitled matter was not certified for publication when filed.  For good cause, it is ordered that the opinion, as modified herein, is now certified for publication, pursuant to rule 8.1115(c) of the California Rules of Court, and it is therefore ordered to be published in the Official Reports.

Dated: ___09/17/19_____          _____SIGGINS, P.J._____P.J.

*Spracher v. Paul M. Zagaris, Inc.*          A152941
*Higashi v. Disclosure Source*          A152962

2

Trial Court: Contra Costa County Superior Court

Trial Judge: Hon. Barry P. Goode

Counsel: Hahn Loeser & Parks, James E. Heffner and Michael J. Gleason for Defendants Disclosure Source.

Quadra & Coll, James A. Quadra and Rebecca Coll for Defendant Paul M. Zagaris, Inc., et al.,

Bottini & Bottini, Yurk A. Kolesnikov, for Plaintiffs Joseph R. Spracher and Carol Higashi.

*A152941/A152962*