Filed 4/23/20  Modified and Certified for Pub. 5/15/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FLEMING DISTRIBUTION COMPANY, <br><br> Defendant and Appellant, <br> v. <br><br> ALFONS YOUNAN, <br><br> Plaintiff and Respondent. | A157038 <br><br> (Sonoma County <br> Super. Ct. No. SCV-263702) |

Appellant Fleming Distribution Company (Fleming) appeals from a trial court order denying its petition to compel arbitration, stay proceedings, vacate a Labor Commissioner award of $27,412.60 to former Fleming employee, respondent Alfonus Younan (Younan), and dismiss the action.  Fleming contends the court erred in denying its petition because Younan's employment application and employment agreement contained enforceable arbitration clauses and Fleming did not waive its right to arbitration.  We conclude Fleming did waive its right to arbitration and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Younan worked for Fleming as a sales representative from 2009 to 2016.  In June 2017, he filed a complaint against Fleming with the

1

Department of Industrial Relations, Labor Commissioner's Office for $22,000 in commissions, plus penalties and interest.

On August 31, 2017, counsel for Fleming sent a letter to the Labor Commissioner asserting the complaint should be dismissed because the parties signed an arbitration agreement. Fleming attached to its letter a copy of an arbitration agreement signed by Fleming and Younan that provided in part: "To resolve disputes in an efficient and cost-effective manner, Employee and Employer agree that *any and all claims* arising out of or related to the employment relationship that could be filed in a court of law . . . *shall be submitted to final and binding arbitration, and not to any other forum*." (Italics added.) Fleming stated in its letter to the Labor Commissioner: "If the Labor Commissioner is unwilling to [dismiss the complaint], Fleming is prepared to file a motion with the Superior Court seeking to compel arbitration."[1] The Labor Commissioner did not dismiss the complaint, yet Fleming opted not to file a petition to compel arbitration.

A hearing before the Labor Commissioner was set for August 13, 2018. The parties were notified they would "be given the opportunity at the scheduled hearing to present any relevant evidence, to call witnesses and to cross-examine witnesses" and were provided detailed rules and procedures applicable to the hearing, including how to request a continuance of the hearing.

In late July 2018, Fleming filed an Answer with the Labor Commissioner that contained a general denial and nine affirmative defenses, including a defense that arbitration was the proper forum. In

[1] It appears Fleming sent this letter only to the Labor Commissioner. Younan, who may not have been aware of the letter, did not file an opposition.

2

its prayer for relief, Fleming requested dismissal of the complaint and attorney fees and costs.

On August 7, 2018, Fleming filed a motion with the Labor Commissioner to vacate the August 13 hearing and dismiss the complaint on the grounds that Younan's employment application and agreement required arbitration of his claim.[2]  Fleming requested the motion to vacate/dismiss be heard on August 13 and, once again, stated:  "If the Labor Commissioner is unwilling to [dismiss the complaint], [Fleming] is prepared to file a motion with the Superior Court seeking to compel arbitration."  Both parties appeared at the August 13 hearing before the Labor Commissioner.  Fleming's motion to vacate/dismiss was denied on the ground that Fleming had failed to obtain a stay from the superior court, the hearing proceeded, and the parties presented testimony, documentary evidence, and argument.

On December 5, the Labor Commissioner issued an order setting forth its summary of the witnesses' testimony, factual findings including credibility findings, and legal analyses and determinations. The Labor Commissioner awarded Younan $22,000 in commissions and an additional $5,412.60 in "interest accrued to date on the unpaid balance of wages and liquidated damages," for a total of $27,412.60.

On December 20, Fleming filed a notice of appeal in the superior court and a de novo trial was scheduled for March 20, 2019.  On February 8, 2019 Fleming filed a petition to compel arbitration, stay proceedings, vacate the Labor Commissioner's order, and "dismiss this matter in its entirety."  First, Fleming argued the matter should be

---

[2] The proof of service indicates Fleming served the Labor Commissioner by mail and electronic mail; there is no indication Fleming served Younan.

3

arbitrated because the agreement the parties signed was governed by the Federal Arbitration Act (FAA), which "preempts Labor Code section 229"—a California statute that allows employees to pursue their wage claims in court even if they have agreed to arbitrate such claims.[3] Second, Fleming argued it did not waive its right to arbitration because it "rather consistently requested that this matter be dismissed and brought through . . . arbitration."

Younan opposed the petition on several grounds. First, he argued the action should proceed in superior court because the employment application provides that "nothing in the agreement will affect . . . petitions for judicial review of a decision issued after an administrative hearing . . . ." Second, Younan argued Fleming's petition was procedurally defective to the extent it was asking the trial court to vacate (rather than stay) the Labor Commissioner's order and dismiss the superior court action. Third, Younan argued the arbitration agreements were procedurally and substantively unconscionable. Fourth and finally, Younan argued that, even if the arbitration agreements were valid, Fleming waived its right to arbitration by taking actions inconsistent with an intent to arbitrate and unreasonably delaying its petition, "contrary to the purposes of arbitration—expeditious resolution of disputes in a cost-effective manner."

The trial court denied Fleming's petition. The court found Fleming waived its right to arbitration by taking steps inconsistent

---

[3] Labor Code section 229 provides: "Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. . . ."

4

with an intent to invoke arbitration, including delaying its request to the superior court until after a full hearing took place and the Labor Commissioner issued its order. The court also found Fleming failed to meet its burden to show an agreement to arbitrate the trial court action existed: "Here, the two 'arbitration agreements' attached to [Fleming's] [p]etition both include specific language that 'nothing in this agreement will affect petitions for judicial review of a decision issued after an administration hearing.' "[4] "Thus, . . . the purported arbitration agreements . . . explicitly carve out []petitions for judicial review of a decision issued after an administrative hearing, which is exactly the procedural posture of this case." In light of its denial of Fleming's petition on these grounds, the court did not reach the other issues, including whether the arbitration agreements were unconscionable.

## DISCUSSION

Fleming contends the trial court erred in denying its petition because: (1) Younan's employment application and employment agreement contain valid arbitration clauses that cover Younan's claims; and (2) Fleming did not waive its right to arbitration. We address— and reject—Fleming's second argument regarding waiver. As this issue is dispositive, we do not reach the other issues raised in the appeal.[5]

---

[4] Although the court found that both agreements—the employment application and the employment agreement—contained language excluding the superior court action from arbitration, the language is only found in the employment agreement.

[5] The parties dispute whether the agreements were unconscionable and unenforceable and whether the FAA applies to the agreements and preempts Labor Code section 229, which allows employees to proceed in superior court on wage claims despite an agreement to arbitrate. It is immaterial whether the FAA or the CAA applies to the parties'

5

Code of Civil Procedure section 1281.2 allows the trial court to deny a petition to compel arbitration where "[t]he right to compel arbitration has been waived by the petitioner." The term "waiver" as used in the statute is " 'a shorthand statement for the conclusion that a contractual right to arbitration has been lost.' " (*St. Agnes Medical Center v. PacifiCare of California et al.* (2003) 31 Cal.4th 1187, 1195, fn. 4 (*St. Agnes*).) Both federal and state law favor arbitration as a " 'speedy and relatively inexpensive means of dispute resolution.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) Because the law favors arbitration, waiver will not be lightly inferred and the party asserting waiver "bears a heavy burden of proof," with any doubts to be resolved in favor of arbitration. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.)

"The relevant factors establishing waiver include whether the party's actions are inconsistent with the right to arbitrate; whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; whether a party delayed for a long period before seeking a stay; whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and whether the delay affected, misled, or prejudiced the opposing party." (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1204 (*Hoover*); accord, *St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) " 'California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from

---

agreements as the same standards apply in determining waiver. (*Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 11 (*Zamora*).)

6

situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the "bad faith" or "willful misconduct" of a party may constitute a waiver and thus justify a refusal to compel arbitration. [Citation.]' " (*Iskanian v. CLS Transportation Los Angeles, LLC.* (2014) 59 Cal.4th 348, 374-375 (*Iskanian*).) Waiver is not a mechanical process and no one factor is predominant. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.)

Although participating in the litigation of an arbitrable claim does not by itself waive a party's right to later seek to arbitrate the matter, at some point continued litigation of the dispute justifies a finding of waiver. (*Hoover*, *supra*, 206 Cal.App.4th at p. 1204 [courts look at the party's actions, as a whole, in determining whether its conduct is inconsistent with an intent to arbitrate]; see also e.g., *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 446 [four months passed after the filing of an action before the party "expressed a desire to arbitrate"]; (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 314 [party may waive the right without the intent to do so by, for example, making an untimely demand to arbitrate]; *Zamora v. Lehman*, *supra*, 186 Cal.App.4th at pp. 12, 18.)

Relatedly, a party that wishes to pursue arbitration must take " 'active and decided steps to secure that right' " because an arbitration agreement " 'is not . . . self-executing.' " (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1795.) "Mere announcement of the right to compel arbitration is not enough. To properly invoke the

7

right to arbitrate, a party must (1) timely raise the defense and take affirmative steps to implement the process, and (2) participate in conduct consistent with the intent to arbitrate the dispute. Both of these actions must be taken to secure for the participants the benefits of arbitration. (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 997-998; *Brock v. Kaiser Foundation Hospitals*, *supra*, 10 Cal.App.4th at p. 1795 [a party wishing to compel arbitration files a petition to compel arbitration and request a stay in the superior court].) The proper procedure for "halt[ing] [Labor Commissioner] proceedings" is to file a petition to compel arbitration and request a stay of the Labor Commissioner proceedings in the superior court. (*OTO, LLC v. Kho* (2019) 8 Cal.5th 111, 140.)

The question of waiver is ordinarily a question of fact, and the trial court's finding of waiver is binding on the reviewing court if it is supported by substantial evidence. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) Reversal is not justified simply because the trial court could have potentially reached a different conclusion on the question of waiver; "rather, we may reverse the trial court's waiver finding only if the record establishes a lack of waiver as a matter of law." (*Lewis v. Fletcher Jones Motor Cars, Inc.*, *supra*, 205 Cal.App.4th at p. 453.) Where the relevant facts are undisputed and only one inference may reasonably be drawn from the facts, the waiver issue may be reviewed de novo. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.)

Under either standard of review, we affirm the trial court's ruling on the basis that Fleming waived its right to arbitration. The record establishes that Fleming was well aware of the option to file a petition in the superior court if it wished to compel arbitration. In fact, Fleming

8

explicitly stated in its August 2017 letter to the Labor Commissioner that it was going to seek relief from the superior court if the Labor Commissioner did not dismiss Younan's complaint. Fleming attached to its letter a copy of the signed arbitration agreement that provided in relevant part that "any and all claims arising out of or related to the employment relationship that could be filed in a court of law . . . shall be submitted to final and binding arbitration, and not to any other forum." In other words, it was Fleming's position from the start that "any and all claims," i.e., Younan's wage claims, were to be "submitted to final and binding arbitration, *and not to any other forum*," i.e., not to the Labor Commissioner's Office. (Italics added.) Despite this, when the Labor Commissioner did not dismiss the complaint, Fleming made the decision not to file a superior court petition to compel arbitration or stay the Labor Commissioner proceedings.[6]

Once an employee files a complaint with the Labor Commissioner for nonpayment of wages, Labor Code section 98 subdivision (a) " 'provides for three alternatives: the commissioner may either accept the matter and conduct an administrative hearing [citation], prosecute

---

[6] At oral argument, Fleming explained it did not file a petition in the superior court in September 2017 (after Fleming sent a letter requesting dismissal of the complaint and instead a hearing was set) or in August 2018 (when the Labor Commissioner denied Fleming's motion to vacate the August 13 hearing and dismiss the complaint) because the Labor Commissioner told her Fleming's counsel it would not dismiss the complaint based on a letter brief and Fleming should have the hearing officer decide at the hearing whether to dismiss the complaint. In addition, Fleming did not file a petition because it wanted to see if the Labor Commissioner would change its mind and dismiss Younan's complaint. These reasons do not justify Fleming's delay. Moreover, we note that the statements the Labor Commissioner purportedly made to Fleming's counsel are not a part of the record.

9

a civil action for the collection of wages and other money payable to employees arising out of an employment relationship [citation], or take no further action on the complaint. [Citation.]' " (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1115.) As noted, the Labor Commissioner accepted Younan's complaint and scheduled a hearing on the merits for August 13, 2018. At that point, Fleming once again stated it was going to move to compel arbitration, yet did not do so. When the Labor Commissioner denied Fleming's motion to dismiss stating Fleming had failed to obtain a stay from the superior court, Fleming did not request a continuance of the hearing or otherwise take action in furtherance of its purported position that the matter had to be arbitrated. Instead, Fleming fully participated in the hearing by presenting documentary evidence, witness testimony, and argument. Younan notes—and Fleming does not dispute—that Fleming's attorney also "gather[ed] Younan's testimony," cross-examined him, reviewed Younan's exhibits, and learned "Younan's trial strategies" at the hearing. In light of Fleming's repeated choice not to move to compel arbitration in the trial court, coupled with its full participation in the Labor Commissioner proceedings, the trial court correctly determined Fleming did not "properly invoke the right to arbitrate" by "tak[ing] affirmative steps to implement the process" and "participate in conduct consistent with the intent to arbitrate the dispute." (*Sobremonte v. Superior Court, supra*, 61 Cal.4th at pp. 997-998.)[7]

_____

[7] Because the administrative scheme contemplates that any party may seek de novo review of the Labor Commissioner's order in the superior court (Lab. Code, § 98.2, subd. (a)), invocation of arbitration after the Labor Commissioner issues an order may or may not give rise to a waiver, depending on such factors as the terms of the arbitration agreement, whether the FAA or the CAA applies (such that FAA

Even after the Labor Commissioner issued its order, Fleming appealed from the order but did not exercise its right to immediately seek to compel arbitration and stay the superior court proceedings. Further, the trial court's register of actions indicates the parties engaged in discovery after the filing of the notice of appeal; there are multiple entries relating to Younan's request for "compliance with . . . [his] request for production of documents" and other discovery, as well as a lengthy court order granting Younan's discovery requests. It was not until February 8, 2019—20 months after Younan filed his Labor Commissioner complaint—that Fleming finally filed a superior court petition to compel arbitration. The trial court properly found this delay was not reasonable.[8]

Fleming argues the trial court's order must nevertheless be reversed because Younan failed to show he was prejudiced by the delay.

preempts Labor Code section 229, see footnote 5), and the parties' conduct. Here, the arbitration agreement stated that all claims would be submitted to arbitration, "and not to any other forum." This language—which Fleming asserts requires the parties to submit to arbitration without first going through Labor Commissioner proceedings—coupled with Fleming's conduct of repeatedly deciding not to seek arbitration, supports a finding of waiver in this case.

[8] Younan argued below that Fleming's overall conduct—e.g., willingly taking part in the Labor Commissioner proceedings, receiving "a free hearing on the merits of its case at taxpayers' expense," losing on the merits, delaying the filing of a superior court petition, and requesting "that the Court pretend that the actions of the past two years never occurred" so that it can deprive Younan of statutory rights guaranteed to him as the prevailing party—"borders on bad faith." As noted, a party's bad faith or misconduct may constitute a waiver that justifies a refusal to compel arbitration. (*Iskanian*, *supra*, 59 Cal.4th at pp. 374-375.) Although the trial court did not make an express finding of bad faith, we observe the facts could support such a finding.

11

Fleming takes the position that its actions must have caused Younan to incur extensive costs and legal expenses and/or an unfair disadvantage that would materially prejudice his position in any future arbitration. Here, while the issue of prejudice presents a closer issue, we disagree with Fleming's position that there was "no evidence" of prejudice to support a waiver.

As the court explained in *Hoover*, *supra*, 206 Cal.App.4th at page 1205, prejudice can be found "where the petitioning party has unreasonably delayed seeking arbitration or substantially impaired an opponent's ability to use the benefits and efficiencies of arbitration." There, the court observed that the party seeking arbitration had conducted litigation in a style inconsistent with the right to arbitrate; its actions suggested it was more interested in delay than expeditious resolution through arbitration. (*Id.* at p. 1205.)

Here, although Younan did not have an attorney during the Labor Commissioner proceedings and therefore did not suffer monetary loss in the form of attorney fees and costs, he was represented in the superior court action and engaged in discovery after Fleming delayed the filing of its petition to compel arbitration. Younan also suffered the prejudice of waiting several years to collect wages that at least one tribunal has determined he was owed, when the matter could have been arbitrated—assuming arbitration was proper—if Fleming had sought to compel arbitration in August 2017 when it said it was going to do so. As noted, the benefit of arbitration is that it is a relatively efficient and cost-effective way of resolving disputes. At this point, however, all benefits of a speedy resolution Younan could have obtained through arbitration have been lost. (*Sobremonte v. Superior Court*,

*supra*, 61 Cal.App.4th at p. 996 ["any benefits they may have achieved from arbitration have been lost"]; *St. Agnes*, *supra*, 31 Cal.4th at p. 1204 [prejudice is found where "the petitioning party's conduct has substantially undermined [the] important public policy [in favor of arbitration] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration"].)  We conclude Younan suffered cognizable prejudice.

Further, although prejudice has been held to be "critical" in determining waiver, we also note the Supreme Court has cautioned courts to examine each case in context:  "no single test delineates the nature of the conduct that will constitute a waiver of arbitration."  (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195, 1203.)  Moreover, a party's unreasonable delay has also been considered a significant and determinative issue.  In *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 29–30, for example, the Supreme Court observed that a party's unreasonable delay in demanding or seeking arbitration, in and of itself, may constitute a waiver of a right to arbitrate.  "[A] party may [not] postpone arbitration indefinitely by delaying the demand. . . . [¶]  When no time limit for demanding arbitration is specified, a party must still demand arbitration within a reasonable time.  [Citation.] . . . '[W]hat constitutes a reasonable time is a question of fact, depending upon the situation of the parties, the nature of the transaction, and the facts of the particular case.' "  We conclude the trial court properly determined Fleming waived its right to arbitration.[9]

---

[9] On appeal, Younan did not defend the trial court's finding of waiver and instead focused on unconscionability and other issues.  This does not affect our determination, as it is the appellant's burden to

13

**DISPOSITION**

The trial court order denying Fleming's petition is affirmed. Younan shall recover his costs on appeal.

---

affirmatively demonstrate error with respect to all of the bases upon which the trial court rendered its decision (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237), regardless of whether the respondent has provided argument or authority in support of the trial court's decision (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-227 [no respondent's brief].)

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

_A157038/Fleming Distribution Company v. Younan_

Filed 5/15/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALFONS YOUNAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FLEMING DISTRIBUTION COMPANY,<br><br>    Defendant and Appellant. | A157038<br><br>(Sonoma County Superior Court No.  SCV263702) |

BY THE COURT:

It is ordered that the opinion in the above-entitled matter, filed on April 23, 2020, shall be modified as follows:

1. Delete footnote Number 8.  All subsequent footnotes shall be renumbered accordingly.

The opinion was not certified for publication in the Official Reports.  For good cause, the request for publication is granted.

Pursuant to California Rules of Court, rules 8.1120 and 8.1105(c)(2), the opinion in the above-entitled matter filed on April 23, 2020, as modified herein, is ordered certified for publication in the Official Reports.


Dated: \_\_\_\_May 15, 2020\_\_\_\_\_    \_\_\_\_Fujisaki, J._____Acting P.J.

Trial Court:  Sonoma County Superior Court

Trial Judge:  Hon. Elliot Daum

Counsel:      Theresa Bichsel and M. Colleen Ryan for Plaintiff and Respondent.

Palmer Kazanjian Wohl Hodson, Alexandra M. Asterlin, Christopher Wohl, and Treaver Hodson for Defendant and Appellant.