Filed 2/13/24  Contreras v. 99 Cents Only Stores CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RAFAEL CONTRERAS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>99 CENTS ONLY STORES LLC,<br><br>    Defendant and Appellant. | B327023<br><br>(Los Angeles County<br> Super. Ct. No. 21STCV21876) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard Fruin, Jr., Judge.  Affirmed.

Buchalter, Robert M. Dato and David Van Pelt; Seyfarth Shaw, David Van Pelt, Thomas J. Piskorski, Jules A. Levenson and Robert A. Kearney for Defendant and Appellant.

Panitz Law Group and Eric A. Panitz for Plaintiff and Respondent.

## INTRODUCTION

Sixteen months after plaintiff Rafael Contreras (Contreras) filed this lawsuit, and less than two months before trial, defendant 99 Cents Only Stores LLC (99 Cents) filed a motion to compel the case to arbitration. The trial court denied the motion, finding defendant had waived the right to compel arbitration by its unreasonable delay and acting in a manner inconsistent with the right to arbitrate. The court also found 99 Cents' conduct prejudiced Contreras. Substantial evidence supports the court's denial of the motion. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Contreras' Employment and Arbitration Agreement*

In 1989, Contreras began his employment with 99 Cents. In 2001, while employed, Contreras signed a mandatory arbitration agreement (agreement). The agreement stated Contreras was required to arbitrate any disputes arising from his employment or termination of employment "to provide for the prompt resolution of [disputes]."

In 2020, 99 Cents terminated Contreras's employment.

B. *The Lawsuit*

On June 11, 2021, Contreras sued 99 Cents, alleging causes of action for age discrimination, retaliation, and other employment-related claims. The following month, 99 Cents filed its answer, asserting as an affirmative defense, that Contreras was required to arbitrate his claims.

On October 29, 2021, the parties appeared for an initial case management conference. At the conference, 99 Cents informed the court of its belief that Contreras signed the agreement but stated it had not yet located a copy. 99 Cents said it intended to file a motion to compel

2

arbitration if Contreras would not stipulate to arbitration. The court set trial to commence less than ten months later, on August 16, 2022.

On December 20, 2021, 99 Cents located a copy of the agreement. 99 Cents emailed the agreement to Contreras two days later. In the transmittal email, 99 Cents asserted that the agreement covered Contreras' claims and asked whether Contreras would stipulate to arbitration. Contreras did not immediately respond to the request. Over the next month, 99 Cents inquired twice whether Contreras would stipulate to arbitration.

On January 21, 2022, counsel for the parties discussed arbitration. Counsel for 99 Cents was under the impression that Contreras was "amenable to stipulating to arbitration" if 99 Cents produced more documents related to Contreras' termination. Contreras' counsel countered that he requested documents but did not agree to arbitration if the documents were produced. Contreras' counsel explained that he requested documents to learn more about the case because 99 Cents had been "stonewalling regarding discovery."

Sometime after that call, 99 Cents' counsel requested further documents from 99 Cents' human resources department (HR), but HR informed counsel that it was unable to locate any additional documents.

On June 12, 2022, in advance of the discovery cutoff and impending August trial date Contreras served deposition notices with document requests set for June 29 and 30, and July 1.

The next day, 99 Cents' counsel asked Contreras' counsel whether he would be willing to stipulate to arbitration. Contreras' counsel said he would not stipulate.

99 Cents did not serve formal objections, produce documents, or appear for the noticed depositions.

3

On July 1, at 99 Cents' request, the parties stipulated to a four-month trial continuance. The stipulation stated that it did not "compromise 99 Cents' right to seek to compel arbitration, nor can the stipulation be used as evidence or a concession by [Contreras] that the case is arbitrable."

On July 11, 99 Cents appeared ex parte to request a court order granting the parties' stipulated request for a trial continuance. The court granted the continuance to December 12 and stated it would not grant any further continuances. At the hearing, in response to 99 Cents' counsel's reference to the agreement, the court remarked that 99 Cents had long ago waived its right to compel arbitration.

On October 10, in advance of the approaching trial date, Contreras served seven deposition notices for November.

C. *The Motion to Compel Arbitration*

On October 21, less than two months before the scheduled trial date, 99 Cents filed its motion to compel arbitration, arguing the claims in the lawsuit fell within the scope of the agreement.

Contreras opposed the motion, asserting 99 Cents waived its right to compel arbitration due to its unreasonable delay in filing the motion. Contreras contended he was prejudiced by the delay because he had proceeded based on the timelines twice set by the court. If the case was compelled to arbitration sixteen months after the filing of the complaint, Contreras argued he would be deprived of the benefits and efficiencies of arbitration.

In reply, 99 Cents argued that it had not waived its right to compel arbitration because any delay in filing the motion was caused by Contreras, not 99 Cents. 99 Cents argued that it delayed filing its motion because

4

Contreras' counsel indicated he would stipulate to arbitration if certain documents were produced.

The court denied the motion. The court found 99 Cents' "delay of over [ten] months after locating the agreement, despite its insistence that the case is arbitrable is unreasonable and is inconsistent with its right to arbitrate." The court also found 99 Cents' delay prejudiced Contreras because Contreras had proceeded to trial based on the scheduled dates.

99 Cents timely appealed.

## DISCUSSION

99 Cents contends that the trial court erred in denying its motion. 99 Cents concedes it delayed in bringing its motion but asserts the delay was reasonable and did not constitute a waiver. We conclude substantial evidence supports the trial court's denial of 99 Cents' motion based on waiver.

A. *Standard of Review*

The parties disagree as to the applicable standard of review. 99 Cents urges a de novo review of the order, arguing the essential facts are undisputed. Contreras asserts that, while the facts are largely undisputed, conflicting inferences may be drawn from them, so the substantial evidence standard of review applies. We agree with Contreras.

"Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.] 'When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling.'" (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).)

5

Here, there are disputed facts, and conflicting inferences may reasonably be drawn. 99 Cents argues that Contreras' counsel was amenable to submitting the matter to arbitration if 99 Cents provided certain documents. Contrary to 99 Cents' claim, Contreras' counsel denied ever indicating a willingness to arbitrate.

We, therefore, apply the substantial evidence standard of review. Under that standard, "[w]e infer all necessary findings supported by substantial evidence [citations] and 'construe any reasonable inference in the manner most favorable to the [ruling], resolving all ambiguities to support an affirmance' [citation]." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 443.)


B. *The Law of Waiver*

When a party moves to compel arbitration of a case, "the court shall order the [moving party] and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that . . . [t]he right to compel arbitration has been waived by the [moving party]." (Civ. Proc. Code, § 1281.2, subd. (a).)

"Although the statute speaks in terms of 'waiver,' the term is used "'as a shorthand statement for the conclusion that a contractual right to arbitration has been lost.'" [Citation.] This does not require a voluntary relinquishment of a known right; to the contrary, a party may be said to have 'waived' its right to arbitrate by an untimely demand, even without intending to give up the remedy. In this context, waiver is more like a forfeiture arising from the nonperformance of a required act. [Citations.]" (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 944 (*Burton*).)

6

Our Supreme Court has held that "no single test delineates the nature of the conduct that will constitute a waiver of arbitration." (*St. Agnes, supra,* at p. 1195.) "[T]he court views the litigation as a whole in determining whether the [moving party's] conduct is inconsistent with a desire to arbitrate. [Citation.]" (*Hoover v. American Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1204; see also *Burton, supra,* 190 Cal.App.4th at pp. 944–945 ["[W]aiver is not a mechanical process, and no one factor is predominant"].)

The *St. Agnes* court delineated various factors that "are relevant and properly considered in assessing waiver claims." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) The factors pertinent here are: ""'(1) whether the party's actions are inconsistent with the right to arbitrate . . . [2] whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay . . . and [3] whether the delay 'affected, misled, or prejudiced' the opposing party."' [Citations.]" (*Ibid.*)

In addition to assessing the nature of the moving party's conduct, "whether or not litigation results in prejudice [to the non-moving party] also is critical in waiver determinations." (*St. Agnes, supra,* 31 Cal.4th at p. 1203.) "[C]ourts have found prejudice where the petitioning party . . . unduly delayed and waited until [six weeks before trial] to seek arbitration." (*Id.* at p. 1204.)

C. *Substantial Evidence Supports the Trial Court's Waiver Finding*

The record contains substantial evidence supporting the trial court's determination of waiver based on 99 Cents' (1) unreasonable delay, (2) conduct inconsistent with the right to arbitrate, and (3) prejudice. We address each category in turn.

1. *Unreasonable Delay*

The trial court's finding of unreasonable delay is supported by an examination of the chronology of the proceedings. As discussed above, by the time 99 Cents filed its motion, it had been sixteen months since Contreras filed his complaint and just 52 days remained before the continued trial date. 99 Cents also knew at least four months before filing its motion that Contreras refused to stipulate to arbitration. 99 Cents nevertheless contends its delay was justified based on (1) its understanding that Contreras' counsel was amenable to arbitration if it produced additional documents regarding Contreras' termination; (2) it took time to look for the requested documents and did not learn of Contreras' unwillingness to arbitrate until after it "retrieved" the documents; and (3) the parties mediated the case. We are unpersuaded.

First, Contreras' counsel declared he never indicated a willingness to arbitrate in exchange for receiving additional documents. Counsel also stated he never conveyed an intention to arbitrate under any condition. Although 99 Cents' position is that Contreras' counsel indicated a willingness to arbitrate, the record is devoid of any documentation of an agreement. Presumably, if 99 Cents' counsel had such an understanding, it would have memorialized the terms in writing. (*Burton, supra,* 190 Cal.App.4th at p. 946 ["Given the disputed facts, we resolve any evidentiary conflicts in favor of the trial court's determination"].)

Second, even if Contreras' counsel indicated a willingness to arbitrate, substantial evidence supports a finding of unreasonable delay. There is no evidence in the record showing 99 Cents ever "retrieved" additional documents in response to Contreras' request. Regardless, 99 Cents waited four months to file its motion from the time its counsel communicated that

8

there were no additional documents and Contreras' counsel stated his refusal to arbitrate.

99 Cents' argument that its delay was justified because the parties mediated is also unavailing.  The only evidence in the record concerning a mediation date indicates mediation was scheduled to occur on November 4, 2022, but 99 Cents filed its motion two weeks prior.

Accordingly, we conclude substantial evidence supports the trial court's finding of unreasonable delay as 99 Cents waited ten months after locating the agreement to file its motion.  (*Davis v. Sheikh Shoes, LLC* (2022) 84 Cal.App.5th 956, 969 ["As courts have found, the absence of a reasonable explanation for delay is a significant factor weighing in favor of finding waiver"].)

### 2.  *Conduct Inconsistent With the Right to Arbitrate*

The trial court also found 99 Cents' delay in seeking to enforce the agreement was inconsistent with the right to arbitrate.  Preliminarily, we note 99 Cents failed to challenge this finding on appeal and has therefore forfeited the argument.  In any event, the evidence supporting a finding of unreasonable delay also supports this finding.

As discussed above, 99 Cents' counsel waited ten months between the time it found the agreement until it finally moved to enforce arbitration.  Instead of moving promptly to compel arbitration, 99 Cents filed an *ex parte* application to continue the trial date.  99 Cents only sought arbitration after the court indicated it had waived its right to compel arbitration (and it still waited three more months to file the motion).

9

### 3. *Prejudice to Contreras*

The trial court found that 99 Cents' delay in moving to compel arbitration prejudiced Contreras. Because 99 Cents failed to address the issue of prejudice until its reply brief, 99 Cents has forfeited its challenge to the prejudice finding. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050 [where appellant fails to raise an argument "until its appellate reply brief," it "has forfeited the argument"].) Nevertheless, we conclude substantial evidence supports the court's determination that Contreras would be prejudiced if the court compelled arbitration.

A "'petitioning party's conduct in stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an "expedient, efficient and cost-effective method to resolve disputes." [Citation.] Arbitration loses much, if not all, of its value if undue time and money is lost in the litigation process preceding a last-minute petition to compel.'" (*Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1090–1091.)

Here, instead of seeking to enforce the agreement, 99 Cents extended the litigation process. The court scheduled the case for trial one year before 99 Cents filed its motion. Contreras served deposition notices prior to the initial discovery cutoff, and instead of producing witnesses or serving objections, 99 Cents sought to further lengthen the litigation by seeking a trial continuance. Again, before the continued discovery cutoff and trial date, Contreras served deposition notices. Only after that, just 52 days before trial, did 99 Cents file its motion. At the hearing, the trial court aptly noted "[y]ou've called upon me several times to set this matter for trial, and you've

10

delayed . . . the arbitration by . . . doing that.  This arbitration would be over by now if you had filed the motion to compel arbitration."

99 Cents' failure to seek enforcement of the agreement until just before trial, coupled with its conduct to protract the litigation, supports the trial court's prejudice finding.

## DISPOSITION

The order is affirmed.  Contreras is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

We concur:

COLLINS, Acting P. J.

MORI, J.